***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Chief Deputy Commissioner Gheen and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Chief Deputy Commissioner Gheen.
 ***********
The following documents were admitted into evidence by the Deputy Commissioner as:
 EXHIBITS
1. Stip. #1: North Carolina Department of Correction ("NCDOC") calculation of plaintiff's term of incarceration dated September 1, 2000.
2. Stip. #2 #3: Copy of N.C. Gen. Stat. § 14-2 (subsequently amended).
3. Stip. #4: Order of the Mecklenburg County of the Superior Court Division of the General Court of Justice, "State of North Carolina vs. Byron J. Stevens, 76 CRS-34262."
4. Stip. #5: Judgment and Commitment, 76 CR 34262.
5. Stip. #6: Appeal Entries, 76 CR 34262.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was convicted of first degree murder and was sentenced to a term of life imprisonment on November 11, 1976.
2. N.C. Gen. Stat. § 14-2 provided "[a] sentence of life imprisonment shall be considered a term of imprisonment for a term of 80 years in the State's prison."
3. Plaintiff filed this civil action on May 24, 2001. He contends that the NCDOC negligently failed to credit him with gain time, merit time, and "program time" because N.C. Gen. Stat. § 14-2, by providing a determinate sentence, requires that he be given these credits against his sentence.
4. Plaintiff also filed a contemporaneous motion for appropriate relief in the General Court of Justice, Mecklenburg County, Superior Court Division, contending the NCDOC incorrectly calculated his sentence as "life," when N.C. Gen. Stat. § 97-2 provided for a term of 80 years. The motion for appropriate relief was denied on June 22, 2001.
5. Plaintiff filed a Petition For Writ of Certiorari to the North Carolina Court of Appeals on August 6, 2001. The North Carolina Court of Appeals dismissed plaintiff's Petition by Order on June 10, 2002, on jurisdictional grounds, directing plaintiff to file the Petition in the State Supreme Court.
6. Plaintiff filed for Writ of Certiorari on September 14, 2001, with the State Supreme Court, praying that the Court review the Order of the Mecklenburg County Superior Court. The State Supreme Court denied plaintiff' Petition on January 21, 2002. State v. Stevens, 355 N.C. 221,560 S.E.2d 362 (2002).
7. The State Supreme Court's denial of plaintiff's Petition effectively leaves his indeterminate "life" sentence undisturbed. In accordance with other applicable statutes, plaintiff is not entitled to good time, gain time, or other credits to lessen the indeterminate sentence. N.C. Gen. Stat. § 14-2 applies only to parole eligibility. Based on the 80 years provided by N.C. Gen. Stat. § 14-2 and applying other statutes governing parole, plaintiff may be considered for parole after serving a minimum of 20 years.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSION OF LAW
1. Assuming arguendo that the NCDOC is under a duty to carry out the term of imprisonment of an individual in accordance with law and applicable administrative regulations and that a breach of that duty would constitute negligence should the NCDOC negligently fail to credit the inmate with statutory or administrative credits thereby lessening that sentence, the decision of the State Supreme Court in State v. Stevens,355 N.C. 221, 560 S.E.2d 362 (2002) substantiates the NCDOC's interpretation of N.C. Gen. Stat. § 14-2 as correct in its application to plaintiff. Therefore, plaintiff has failed to prove that the NCDOC has negligently withheld credits against his sentence. N.C. Gen. Stat. § 143-291(a).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff' claim against the NCDOC must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This 15th day of March 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER